**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Florence P. Pesce,** | ) | **CASE NO. 1:14 CV 2730** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **JPMorgan Chase Bank, N.A.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### INTRODUCTION

This matter is before the Court upon Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 10). This is a breach of contract case. For the reasons that follow, the motion is GRANTED.

### FACTS

For purposes of ruling on defendant's motion, the Court presumes the following facts taken from the complaint are true.

Plaintiff, Florence P. Pesce, brings this action against defendant, JPMorgan Chase Bank, N.A., alleging wrongdoing in connection with plaintiff's bank account. In 1991, plaintiff opened

1

a money market account with defendant's predecessor. Almost immediately thereafter, and continuing until 1997, unauthorized withdrawals and transfers occurred with respect to the account.

Thereafter, plaintiff filed this lawsuit. The complaint is entitled "breach of contract." Plaintiff also alleges breach of the covenant of good faith and fair dealing and seeks an accounting. Defendant moves to dismiss for lack of subject matter jurisdiction and plaintiff opposes the motion.

**ANALYSIS**

Defendant argues that the Court lacks subject matter jurisdiction over this matter. According to defendant, the complaint invokes 12 U.S.C. § 632 and 28 U.S.C. § 1391 as the bases for jurisdiction. Defendant points out that 12 U.S.C. § 632 applies to international and foreign banking transactions, which are not alleged to be involved in this case. The other statute cited in the complaint is the venue statute, which does not provide a basis for jurisdiction. According to defendant, the only possible basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Defendant, however, attaches to its motion a copy of its articles of association, which identifies its main office to be located in Columbus, Ohio. Because plaintiff is alleged to be a citizen of Ohio, complete diversity is lacking.

In response, it appears that plaintiff wholly abandons any reliance on 12 U.S.C. § 632 and 28 U.S.C. § 1391. Rather, plaintiff argues that diversity jurisdiction exists because the "principal place of business" is the "nerve center" of the entity. Plaintiff then asks the Court to take judicial notice of the fact that JPMorgan, N.A. could not possibly have its principal place of business in Columbus, Ohio.

2

Upon review, the Court finds that it lacks subject matter jurisdiction over this lawsuit. The citizenship of a national bank includes the location identified in its articles of association. *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006). *See also, Hinton v. Wachovia Bank of Delaware Nat. Ass'n*, 189 Fed.Appx. 394, n.6 (6th Cir. June 27, 2006)(noting that pursuant to *Wachovia Bank*, a national bank is a citizen of the state designated in its articles of association as its main office). Here, defendant's articles of association designate Columbus, Ohio as its "main office." Thus, defendant is a citizen of Ohio. Because plaintiff is also a citizen of Ohio, complete diversity is lacking. Plaintiff offers no other basis for invoking this Court's subject matter jurisdiction.

**CONCLUSION**

For the foregoing reasons, Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/12/15